1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16
17

BILL L. HEMENWAY,

    Petitioner,

  v.

STATE OF WASHINGTON, JEFF
UTTECHT

    Respondent.

Case No.  C05-5634RBL

ORDER GRANTING
PETITIONER'S MOTION FOR
AN EXTENSION OF TIME

18
19
20
21

   This matter is before the court on petitioner's motion to stay the matter, which was filed on or about November 30, 2007.  The motion to stay is based on Petitioner's understanding that he needs to present a second Personal Restraint Petition to the state courts to exhaust additional claims.  Having reviewed the record, the court finds and orders as follows.

22
23
24
25
26
27
28

   1.  District courts must dismiss "mixed" habeas petitions, containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A petitioner who has filed a mixed petition has the choice of amending the petition by deleting the unexhausted claims, or dismissing the petition and pursuing the unexhausted claims in state court. Id. at 510, 102 S.Ct. 1198. District courts, however, may use a "stay-and-abeyance" procedure in which the court dismisses the unexhausted claims while staying the remaining exhausted claims. Pliler v. Ford, ---U.S. at ----, 124 S.Ct. at 2445 (citing Calderon v. United States District Court (Taylor), 134 F.3d 981, 988

ORDER
Page - 1

(9th Cir.1998)).  Once the petitioner has exhausted the previously-unexhausted claims in state court, the court may allow the petitioner to amend the original federal petition by adding the newly-exhausted claims, which "relate back" to the original petition, pursuant to Fed. R. Civ. P. 15(c). Id.; Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir.2003). This procedure assumes special importance in light of AEDPA's one-year statute of limitations, and it advances our policy of deciding cases on the merits, rather than on procedural grounds.  James v. Pliler, 269 F.3d 1124, 1126 (9th Cir.2001).

2.  The court finds it would be appropriate in this matter to allow petitioner time to properly exhaust the claim(s) he is raising in his petition.   Following the guidelines noted above, the court **GRANTS** petitioner's motion to stay and the exhausted claim will be held in abeyance for a reasonable period of time.

3.  Accordingly, the court directs petitioner to serve and file a status report **by not later than May 1, 2008**, which clearly explains the current status of those matters/cases  in which he is pursuing his state remedies.  The report shall also contain a statement indicating when petitioner expects to complete the exhaustion process for each pending claim.

4.  The Clerk shall direct copies of this Order to petitioner and to the Washington State Attorney General's office of Criminal Justice.

DATED this 2nd day of January, 2007.


*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge