UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILL L. HEMENWAY,

    Petitioner,

v.

STATE OF WASHINGTON, JEFFREY UTTECHT,

    Respondent.

Case No. C07-5634RBL

REPORT AND RECOMMENDATION

Noted for **February 20, 2009**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging the legality of a 2003 conviction for First Degree Rape committed on October 6, 2002. After a jury trial in Clark County Superior Court, Petitioner was sentenced to serve life without parole under Washington State's "persistent offender" law. After allowing Petitioner time to complete certain state court proceedings and appointment of counsel to represent Petitioner in this matter, an Amended Petition was filed on November 13, 2008. Having reviewed the Petition, Respondent's Answer, and Petitioner's reply, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as untimely.

## DISCUSSION

A one-year period of limitation applies to federal petitions for writ of habeas corpus. The relevant statute states:

    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

REPORT AND RECOMMENDATION
Page - 1

limitation period shall run from the latest of --

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Equitable tolling of the one-year limitations period is permitted "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*), *abrogated on other grounds by* Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

To equitably toll the one year statute of limitations, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Raspberry v. Garcia, 448 F.3d at 1153 (*quotation marks and citation omitted*). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (*quoting* Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).

"The threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). This high bar is necessary to effectuate the "'AEDPA's statutory purpose of encouraging prompt filings in federal court to protect the federal system from being forced to hear stale claims.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (*quoting* Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003)). As a result, equitable tolling will not be

available in most cases. Calderon v. United States Dist. Court (Kelly), 163 F.3d at 540. Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*). Petitioner has the burden of establishing that he is entitled to equitable tolling. Pace v. DiGuglielmo, 544 U.S. at 418; Miranda v. Castro, 292 F.3d at 1065.

In the case at bar, Respondent argues the court should not entertain the petition because it has been filed beyond the one-year period of limitation prescribed in 28 U.S.C. § 2244(d). Specifically, Respondent argues Petitioner filed the matter four-hundred-twenty days after the expiration of the one-year period of limitation. Respondent does not argue the timeliness of the petition, but he does ask the court to equitably toll the period of limitation.

There is no question the Petition was filed late. Petitioner was convicted and subsequently sentenced by the state trial court on or about February 12, 2003. Petitioner appealed the conviction, which the Washington State Court of Appeals denied in a published opinion dated August 3, 2004. Mr. Hemenway did not seek further direct review and the state issued a mandate, officially closing the matter on September 9, 2004. More than 10 months passed before Mr. Hemenway sought any further state relief, when he filed a Personal Restraint Petition ("PRP") with the Washington Court of Appeals on or about August 1, 2005. The Washington State Court of Appeals dismissed the petition. Petitioner filed a motion for discretionary review with the Washington State Supreme Court, which denied review on October 6, 2006. Subsequently, the Court of Appeals issued a certificate of finality on March 23, 2007.

On October 26, 2007, Mr. Hemenway filed a second PRP. The Washington State Court of Appeals, after the matter at bar was filed and pending in U.S. Federal District Court, dismissed the PRP on May 2, 2008. The undersigned stayed this matter until resolution of the state court proceedings, which appear to have been completed on July 1, 2008, when the Washington State Court of Appeals issued a certificate of finality on July 1, 2008.

In sum, more than ten (10) months of the one-year period of limitation expired between September 9, 2004, and August 1, 2005. Another seven (7) months ran between March 23, 2007 and October 26, 2007. Clearly, more than a year in time has expired, and the Petition, which as filed on or about November 15, 2007, is untimely.

After reviewing the matter the undersigned does not find the one-year period of limitation should

be equitably tolled. The record reflects Mr. Hemenway has a problem with dyslexia and literacy, however, not to a degree that would warrant equitable tolling. The record clearly shows Petitioner was and is very capable of filing and submitting pleadings to the state and federal courts. The court notes it is Petitioner's burden to show why the court should equitably toll the one-year period of limitation. Petitioner has not shown and explained any specific reason why he waited more than ten (10) months to file his first PRP. Petitioner has not shown or explained any specific cause for the seven (7) month delay between the end of his first PRP and the filing of his second PRP. He has not demonstrated any extraordinary circumstance that prevented him from filing a timely habeas corpus petition.

## CONCLUSION

Petitioner did not timely filed his petition for writ of habeas corpus. The Court should deny the Petition in this matter as untimely.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

DATED this 26th day of January, 2009.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge